**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MINGZI JIN, | No. 08-75177 |
| Petitioner, | Agency No. A097-864-533 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2014
Pasadena, California

Before: EBEL,** KLEINFELD, and GRABER, Circuit Judges.

Minzi Jin, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming the immigration judge's

("IJ's") denial of her application for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.


\*\* The Honorable David M. Ebel, Senior Circuit Judge for the U.S.
Court of Appeals for the Tenth Circuit, sitting by designation.

protection under the Convention Against Torture ("CAT"). In the face of disputed facts, under 8 U.S.C. § 1158(a)(3) we lack jurisdiction to review the BIA's finding that Jin failed to timely file her asylum application. Khunaverdiants v. Mukasey, 548 F.3d 760, 765 (9th Cir. 2008). Because no constitutional claim provides an exception, we dismiss the petition to review her asylum claim. We have jurisdiction under 8 U.S.C. § 1252 over her remaining claims. Having reviewed the grounds relied upon by the BIA, we grant review of her withholding claim and deny her petition for review under the CAT.

Regarding her withholding claim, the BIA affirmed the IJ's adverse credibility finding based on her demeanor and inconsistent statements between her asylum application and hearing testimony. "We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." Almaghzar v. Gonzales, 457 F.3d 915, 920 (9th Cir. 2006) (internal quotation marks omitted). Substantial evidence does not support the IJ's adverse credibility finding.

An IJ's determination regarding demeanor is given special deference. Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir. 1999). However, to support an adverse credibility finding, the IJ must provide specific examples of petitioner's demeanor such as expression, posture, nervousness, coloration, pace of speech, and

2

other non-verbal communication.  Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir. 2003).  Generalized statements of evasiveness are not enough.  Id.  Here, the IJ gave no specific examples of non-verbal communication to support an adverse credibility finding based on demeanor.

The BIA noted that, in her hearing testimony, Jin "testified to passing through the Soviet Union . . . whereas her asylum application indicates she passed through Russia," and that she "passed through England on her way to the United States, as opposed to Germany" as described in her asylum application.  The BIA also relied on the fact that, at her hearing, Jin misstated the year of her baptism even though she later corrected the error.  "Minor inconsistencies that reveal nothing about an asylum applicant's fear for her safety are not an adequate basis for an adverse credibility finding."  Kaur v. Ashcroft, 379 F.3d 876, 884 (9th Cir. 2004) (internal quotation marks and brackets omitted).

We remand to the BIA "to reexamine [Jin's] credibility" and allow her "the opportunity to explain inconsistencies going to the heart of [her] claim," and determine if her testimony suffices to meet the criteria for withholding.  Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir. 2009).  We deny review of Jin's CAT claim and agree that "a couple of slaps" that Jin allegedly suffered at the

3

hands of the Chinese police "fell far beneath the threshold of the legal definition of torture."

**PETITION DISMISSED IN PART, DENIED IN PART, GRANTED IN PART AND REMANDED.**